State of Rhode Island \
  vs.          } Ind. No. 11679 \
James Orabona

November 7, 1927.

HAHN, J. Heard on motion of defendant for a bill of particulars. Said motion reads as follows:

"Respectfully represents James Orabona, the Defendant, in the above entitled cause, that in the above entitled indictment sentence was deferred under an agreement in writing between himself and the State of Rhode Island, which agreement in writing is as follows:

'AGREEMENT UNDER WHICH SENTENCE IS DEFERRED'

"'IT IS HEREBY AGREED that sentence may be deferred on the above entitled indictment,—upon payment of all costs, during the good . behavior of the Defendant, and so long as the Attorney-General is satisfied that the Defendant has broken none of the criminal laws of this State, since the date of this agreement.'

"On July 6, 1927, the Defendant was brought before this Honorable Court on a capias, and the State then and there moved that he be sentenced because he, the said Defendant, had violated the terms of said agreement in writing.

"Now THEREFORE, the Defendant moves that the said State furnish a Bill of Particulars, setting forth:

"(a). In what respects the said Defendant has violated the aforesaid agreement.

"(b). The time and place the said agreement has been violated.

"(c). What criminal laws, if any, the Defendant has broken.

"Respectfully submitted,
            James Orabona,
     By his Attorneys,
   Pettine, Godfrey and Cambio,
        Anthony V. Pettine."

On June 12, 1923, defendant pleaded nolo contendere to a charge of assault with intent to murder one Nicola Falocca and sentence was deferred. On June 28, 1927, capias was ordered and issued in said case and defendant was brought before the Court. The question of sentence was continued until July 9, 1927, at which time, in moving for sentence, the Assistant Attorney General made the following statement in the presence of the defendant and his attorney:

"This defendant was indicted twice for assault with intent to murder—by the grand jury June, 1922. Subsequently on June 12, 1923, he pleaded nolo to both indictments and on indictment 11680 he was sentenced to State's Prison for a term of 4½ years. On indictment 11679, on June 12, 1923, after a plea of nolo, he was given deferred sentence and his personal recognizance taken. On those two indictments it is charged in one that he shot this Friscione 3 times in the abdomen and another wound over the ilium. In the other it is charged he shot one Falcone in the left back. May 20, 1927, Arthur Messere came here from New London, Connecticut, and made a purchase of alcohol from Frank Orobona, the brother of the defendant, we understand. There were negotiations which were consummated about 10 o'clock in the evening, at which time Messere went to 14 Vinton street and at that time paid over $563 to Frank Orobona, the defendant's brother. After the money was paid over, the car which Messere had brought here from New London was loaded up, with the assistance of the man from whom the alcohol was purchased, and this defendant and a third man. After the automobile had been loaded up, with the assistance of these people, the defendant pulled out an automatic Colt revolver and said to Messere, 'Put your hands up or I'll shoot you in the mouth and blow your head off.' Immediately after he backed Messere up against a building and then he and the other man—not Frank Oro-

bona, but the third man, whose name escapes me, jumped in the automobile and started away—or started to leave the yard. As they started to leave, they fired two shots and one of these shots was in the direction of a police officer whose attention had been attracted to the occurrence there and he was coming on the fly. He was shot through the clothing, just below the heart. Then they went off and subsequently the defendant was picked up.

"On this evening of May 20 it might well have been that two men might have lost their lives.

*   *   *

"We move for sentence."

It is perfectly clear that the above statement was sufficient to bring to the attention of the defendant and his counsel fully and completely the State's reasons for moving for sentence, and for four months thereafterwards defendant did not move for a bill of particulars, nor did he move for such a bill until the time for imposition of sentence had been set by this Court.

Under the custom adopted in cases of this kind generally a defendant is sentenced immediately upon motion of the Attorney General, but, at times, upon the urgent request of counsel or of a defendant (as in the case at bar), in order that the Court may consider the circumstances, time is given and such circumstances considered. This is not granted as a matter of right, because the defendant has agreed that if, in the opinion of the Attorney General, there has been a violation of law, he may be called for sentence.

Such consideration as has been given to a defendant in cases of this kind should not be used for the purpose of resorting to technicalities to escape the penalty of his criminal act. The defendant has been fully and specifically informed of the reasons which form the basis of the Attorney General's conclusions that he has violated the law, and no further specification thereof is necessary.

Motion for a bill of particulars is denied.

For State: Oscar L. Heltzen, Chas. P. Sisson.

For defendant: A. V. Pettine—Pettine, Godfrey and Cambio.